NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CYNTHINA BARRIS,** | Docket No.: 14-cv-6469 |
| Plaintiff, | |
| v. | **OPINION** |
| **MIDLAND FUNDING LLC,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Defendant Midland Funding ("MF") filed this motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff did not oppose the motion to dismiss. For the reasons set forth below, the motion is **GRANTED**.

I.  BACKGROUND

On some date unspecified in the Complaint, Plaintiff discovered that MF reported a debt she had incurred to a credit-rating agency. (Complaint at ¶¶ 9-11). Plaintiff disputed the debt directly with MF via a dispute letter. (Complaint at ¶ 12). In September 2013, MF re-reported the debt to the credit-rating agency. On October 8, 2013, Plaintiff examined her credit report and found that MF had failed to report the debt as "disputed by consumer" to the credit-rating agency. (Complaint at ¶ 14). Plaintiff alleges that this failure violated the FDCPA. (*Id.*).

On October 31, 2013, Plaintiff filed for bankruptcy. On February 7, 2014, she discharged her personal debts via an order of the Bankruptcy Court. (ECF No. 4-4).

On September 16, 2014, Plaintiff filed this Complaint in state court, alleging that

MF's failure to report the debt as "disputed by consumer" to the credit-rating agency entitled her to relief under the FDCPA. MF removed to federal court on October 20, 2014 pursuant to 28 U.S.C. § 1446. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

Plaintiff concedes that, prior to filing her Chapter 7 bankruptcy petition, she was aware of this FDCPA claim against MF. The Bankruptcy Code, 11 U.S.C. § 521, requires debtors to disclose any potential claims during the bankruptcy proceedings. *McLauchlan v. Aurora Loan Servs. LLC*, No. C10-1560TSZ, 2011 WL 841289, at *2 (W.D. Wash. Mar. 8, 2011) (*citing Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001)). Plaintiff did not do so. Instead, Plaintiff filed this action after the discharge of her debts. MF argues that the claim became the property of the bankruptcy estate during the bankruptcy proceedings, and thus Plaintiff Barris has no standing to bring this claim.

## II.   LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss must be granted where a court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Brill v. Velez*, 2014 U.S. Dist. LEXIS 87668, at *2 (D.N.J. June 27, 2014). "Challenges to subject matter jurisdiction may be facial or factual attacks." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 13 F. Supp. 3d 415 (D.N.J. 2014) (*citing Common Cause v. Pennsylvania*, 558 F.3d. 249, 257 (3d Cir. 2009)).

The concept of standing is an integral part of the constitutional limitation of federal-court jurisdiction to actual cases or controversies. *Hagan v. United States*, 2002 U.S. Dist. LEXIS 3504, at *13 (E.D. Pa. Mar. 1, 2002) (*citing Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)). Absent the constitutional minimum pursuant to Article III, a federal court does not have subject matter jurisdiction. *In re New Jersey Tax Sales Certificates Antitrust Litig.*, 2014 U.S. Dist. LEXIS 154977, at *37 (D.N.J. Oct. 31, 2014).

Accordingly, the plaintiff bears the burden at all times to establish the three elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiff must have suffered an injury in fact. *Id*. at 560 n.1. Second, Plaintiff must establish a causal connection between the injury and the conduct complained of. *Id*. at 560-61 (*citing Simon*, 426 U.S. at 41-42). Lastly, it must be "likely" as opposed to "merely speculative" the injury will be "redressed by a favorable decision." *Id*. at 561 (*citing Simon*, 426 U.S. at 38).

## III. DISCUSSION

In cases where a debtor attempts to bring a cause of action for a pre-petition claim that was not disclosed in the bankruptcy proceeding, the debtor lacks standing because pre-petition claims belong to the bankruptcy trustee. *Schafer v. Decision One Mortg. Corp.*, 2009 U.S. Dist. LEXIS 56639, at *12 (E.D. Pa. Jul. 1, 2009).

The filing of a bankruptcy petition creates a bankruptcy estate, which consists of "all legal or equitable interests of the debtor in property" as of the commencement of the case. *In re Allen*, 768 F.3d 274, 281 (3d Cir. 2014) (*quoting* 11 U.S.C. § 541(a)(1)). The scope of 11 U.S.C. § 541(a)(1) is broad, and it includes all kinds of property, including possible causes of action. *Id*. The duty to disclose applies to all pre-petition claims. *See* 11 U.S.C. § 521(1) ("the debtor shall file…a schedule of assets and liabilities…and a statement of the debtor's financial affairs…"); *Collier on Bankruptcy*, 15th Edition Rev. §521.06[3][a] ("Possible causes of action belonging to the debtor should be listed, even if the likelihood of success is unknown"). Failure to list an asset as property of the bankruptcy estate does not prevent it from becoming property of the estate. 11 U.S.C. § 554(d).

Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is expressly and unequivocally abandoned back to the debtor. *See* 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, any estate property not abandoned or administered in the bankruptcy proceedings remains the property of the bankruptcy estate. *See* 11 U.S.C. § 554.

Once an estate is created, the trustee has sole and exclusive authority to pursue claims on behalf of the estate. *See In Re Dionisio*, 2003 U.S. App. LEXIS 12432, at *5 (3d Cir. 2003); *See also in re Truong*, 2006 Bankr. LEXIS 4525, at *11 (Bankr. D.N.J. May 3, 2006). ("[A] trustee is granted complete authority and discretion with respect to the prosecution and defenses of any litigation of the debtor's estate."). For a debtor to regain standing, the trustee must abandon the claim, whether voluntarily or pursuant to an Order of Court. 11 U.S.C. § 554(a)-(b).

Here, Plaintiff alleges that she became aware of her claims against MF on October 8, 2013, when she allegedly examined her credit report and determined that MF failed to mark her debt as "disputed by consumer." (*See* Complaint at ¶¶ 11-14). Because she filed for bankruptcy after October 8, 2013, her FDCPA claim is a pre-petition claim. Thus, the FDCPA claim became part of the bankruptcy estate on October 31, 2013, when Plaintiff filed for Chapter 7 protection. *See* 11 U.S.C. § 541 (a)(1). Because Plaintiff neglected to list this claim as an asset on her bankruptcy schedules, it remains a part of the bankruptcy estate. *Tilley v. Anixter Inc.*, 332 B.R. 501, 508 (D. Conn. 2005) ("A trustee may abandon

scheduled property, i.e., property that has been listed on the bankruptcy petition, either through procedures requiring notice and a hearing, 11 U.S.C. § 554(a) & (b), or by failing to administer it before the close of the bankruptcy case, *id.* at § 554(c). Unscheduled property, in contrast, can never be abandoned without the notice and hearing required in sections 554(a) and (b).").

Here, Plaintiff fails to demonstrate that the trustee voluntarily abandoned any estate property. As a consequence, Plaintiff lacks standing to pursue this FDCPA claim. The Trustee has exclusive authority to dispose of or control property of the bankruptcy estate, including Plaintiff's claim against MF.

For these reasons, I recommend that Plaintiff's Complaint be dismissed. Dismissal is without prejudice as to the trustee for Plaintiff's bankruptcy estate, the real party in interest. *See Schafer v. Decision One Mortg. Corp.*, 2009 U.S. Dist. LEXIS 56639, at *22 (E.D. Pa. June 30, 2009) ("Further, the Court reminds the parties that Ms. Schafer's Complaint was dismissed without prejudice to the right of the bankruptcy trustee to pursue such a claim as a party-plaintiff, or the right of Ms. Schafer to re-file a complaint in the event that her claims are abandoned by the bankruptcy trustee.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 9, 2015**